### THE JANKO (THE NORSKTANK).

### No. 16974.

District Court, E. D. New York.

Feb. 10, 1944.

Burlingham, Veeder, Clark & Hupper, of New York City (Roscoe H. Hupper, of New York City, of counsel), for libellant.

Haight, Griffin, Deming & Gardner, of New York City (Wharton Poor, of New York City, of counsel), for the Government of Norway, appearing specially.

Lord, Day & Lord, of New York City (George de Forest Lord, of New York City, of counsel), for United Kingdom of Great Britain, appearing as amicus curiae.

Harold M. Kennedy, U. S. Atty., of Brooklyn, N. Y., and William E. Collins, Sp. Asst. to the U. S. Atty., of New York City, for the United States.

GALSTON, District Judge.

The vessel in question was attached by the Marshal of this district, pursuant to the prayer of the possessory libel, on January 13, 1944. On January 17, 1944, a special appearance and claim of the Kingdom of Norway were filed. On the affidavit of Wharton Poor, verified February 5, 1944, and on the suggestion of William W. Collins, Special Assistant to the United States Attorney, filed on February 5, 1944, and upon the various documents referred to therein, an order to show cause issued directed to the libellant, seeking the dismissal of the libel and the vacation of the attachment.

A hearing on the motion was held on February 8, 1944.

The libellant is a Panamanian corporation and alleges ownership to the motor-tank vessel Janko. This vessel was seized in the Netherlands West Indies in a Prize Court proceeding. The vessel having reached the port of New York, the libellant, claiming ownership, endeavored to possess itself of this vessel.

The suggestion of immunity with the accompanying documents discloses that the Norwegian Ambassador, in communications on January 21, 1944, and on January 29, 1944, to the State Department, represented that this vessel had been in the continuous possession of the Kingdom of Norway for over two years, since November 20, 1941, having been put at the disposition of such government by the Kingdom of the Netherlands, and that she is engaged in the transportation of oil in the Allied cause and is armed.

On February 2, 1944, the State Department wrote to the Attorney General enclosing copies of such notes with accompanying documents. In this letter the Secretary of State informs the Attorney General that the Kingdom of Norway claims immunity of the vessel from process in the courts of this country, and the letter concludes with the statement: "That the Department of State accepts as true the statements of fact contained in the notes of the Norwegian Ambassador and recognizes and allows the claim presented by him on behalf of the Kingdom of Norway that the vessel is entitled to immunity from judicial process in the courts of this country." Thereupon the suggestion of immunity was filed by the Special Assistant to the United States Attorney.

The practice adopted by the Kingdom of Norway conforms in all respects with that which was most recently approved in Ex parte Republic of Peru, 318 U.S. 578, 63 S.Ct. 793, 87 L.Ed. 1014, and that case is determinative of the question for decision on this motion. It is urged by the libellant that the facts in the present cause, however, fail to show ownership in addition to possession by the Kingdom of Norway. But that point may for the moment be passed, for it appears that in the communication of the Ambassador of Norway, under date of January 29, 1944 to the Secretary of State, there is the allegation: "From these notes * you will observe that the Kingdom of Norway became the owner by demise and entitled to the sole possession and control of the vessel." Since the Department of State has said· that it accepts as true the statements of fact contained in the notes of the Norwegian Ambassador, it would follow that this court is concluded by such acceptance of the facts, though it must be observed that the quoted passage from the Norwegian Ambassador's letter of January 29, 1944, in respect to ownership is his own inference from the communications that passed between his government and the government of the Netherlands. Such inference is not necessarily to be accepted as a statement of fact.

Whether in addition to possession of a public vessel or a vessel used in the public interest by a friendly sovereign nation, it is necessary to establish ownership as well as possession or control, would not follow from the cases that I have been able to study and analyze. The matter will be dealt with in a fuller opinion to supplement the foregoing.

The suggestion of immunity is therefore accepted, for under its terms this court is without jurisdiction to restrain the vessel. The motion to vacate the attachment is granted. The Clerk of the Court is directed to prepare and submit for signature an appropriate order in conformity with this memorandum.

---

* The Norwegian Ambassador refers to notes of November 13, 1941 and November 15, 1941 between the Royal Norwegian Government and the Royal Netherlands Government, setting forth the terms under which the vessel was turned over to the Kingdom of Norway by the Kingdom of the Netherlands.